IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2004 Session

## STATE OF TENNESSEE v. MARY MARGARET BOYD

**Appeal from the Criminal Court for Davidson County**
**No. 2003-B-990   Steve Dozier, Judge**

_____

**No. M2004-00580-CCA-R3-CD - Filed April 15, 2005**

_____

The defendant was involved in an automobile accident. When officers arrived, she maintained that she had been the driver of the vehicle. However, the actual driver was later apprehended. When an officer attempted to place the defendant under arrest, she physically resisted handcuffing. The Davidson County Grand Jury indicted the defendant for making a false report and resisting arrest. She was found guilty of both charges in a bench trial. The trial court sentenced the defendant to an effective sentence of eighteen (18) months with periodic confinement on weekends for twenty (20) days and the remainder on probation. On appeal, the defendant argues that there was insufficient evidence to support her convictions. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Jay Norman, Nashville, Tennessee, for the appellant, Mary Margaret Boyd.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On May 24, 2002, Metro Nashville Police Officer Lewis Scott Roberts was on patrol and responded to an automobile accident on Old Hickory Boulevard in Davidson County. Officer Roberts found the defendant sitting on the ground cursing and threatening witnesses if they told police that she was not driving. The defendant was visibly intoxicated. When Officer Roberts asked the defendant who was driving, she replied that she had been driving. Officer Roberts noticed from

the condition of the vehicle that the driver's head had hit the windshield. The defendant however did not have head injuries consistent with hitting the windshield. Witnesses at the scene informed Officer Roberts that a male had been driving the car.

The actual driver of the car had fled on foot. The driver was returned to the scene by another officer. The driver did have injuries consistent with hitting the windshield of the vehicle. After the driver was returned and Officer Roberts was satisfied that the defendant was not the driver of the vehicle, he told the defendant to stand up and put her hands behind her back. In response to the officer's request, the defendant responded, "Fuck you." When he asked the defendant her name, she responded, "Mary Margaret, and that's all you're gonna get, mother fucker."

When Officer Roberts attempted to arrest and handcuff the defendant she became belligerent and the defendant and the officer "wallowed around all over the ground." The defendant tried to strike the officer with her fist, but was unsuccessful. The defendant "actively resisted the arrest by twisting, turning and pulling away."

The defendant was indicted for making a false report to an officer and resisting. The trial court held a bench trial on December 16, 2003. The trial court found the defendant guilty on both counts. On January 30, 2004, the trial court sentenced the defendant to an effective sentence of eighteen (18) months with periodic confinement on weekends for twenty (20) days and the remainder on probation. The defendant filed a notice of appeal on February 27, 2004.

## ANALYSIS

On appeal, the defendant argues that the evidence was insufficient to find her guilty of making a false report and resisting arrest. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

## Making a False Report

The defendant states in her brief that she does not contest the trial court's findings of fact, but rather the trial court's construction of Tennessee Code Annotated section 39-16-502(a)(2)(B), making a false report to a law enforcement officer. That statute reads:

> (a) It is unlawful for any person to:
> (2) Make a report or statement in response to a legitimate inquiry by a law enforcement officer concerning a material fact about an offense or incident within the officer's concern, knowing that such report or statement is false and with the intent to obstruct or hinder the officer from:
>> (B) Apprehending or locating another person suspected of committing an offense . . . .

Tenn. Code Ann. § 39-16-502(a)(2)(B). The defendant argues that to obtain a conviction in this case, "the State must prove that law enforcement officers were trying to locate a person suspected of committing a crime and that the [defendant] made the statement with the specific intent to obstruct or hinder Officer Roberts from apprehending or locating that person. That person, according to the defendant, must be a specific person 'suspected of committing an offense.'" The defendant goes on to argue that the trial court erred when it denied the defendant's motion for judgment of acquittal because the trial court stated that "the State only needed to prove that the appellant intended to obstruct or hinder Officer Roberts."

This interpretation of the statute is technically incorrect. The "intent" in the statute is not directed at the action of making a false report, but rather at the goal of interfering with the apprehension of another suspect. Nevertheless, the proof that the defendant intended to thwart officers in the pursuit of the actual driver is manifest. Although Officer Roberts himself was not in pursuit of the driver of the vehicle, other officers were. The defendant's statement to Officer Roberts was clearly intended to hinder Officer Roberts from apprehending the actual driver. In fact, when Officer Roberts arrived at the scene, he heard the defendant threatening witnesses that she would kill them if they did not say she was the driver.

Clearly, there is sufficient evidence to support the defendant's conviction for false report. This issue is without merit.

## Resisting Arrest

The defendant was also convicted of resisting arrest. The defendant argues that the evidence was insufficient to support this conviction because the intention of the legislature in drafting the statute was to "prohibit the use of force against a law enforcement officer." The defendant argues

"that force not directed at or against a law enforcement officer is not sufficient to support a conviction. The twisting, turning and pulling away of the appellant in this case was not force . . . ."

Tennessee Code Annotated section 39-16-602 sets out the elements of resisting arrest. That statutes states:

> It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at such officer's direction, from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

Tenn. Code Ann. § 39-16-602(a). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12)(emphasis added).

The evidence at trial showed that Officer Roberts told the defendant to stand up and put her hands behind her back. He advised the defendant she was under arrest. The defendant said, "Fuck you," and became belligerent. The officer testified, "We wallowed around all over the ground, trying to take her into custody." Officer Roberts then testified, "She actively resisted that arrest by twisting, turning, pulling away." He then stated that the defendant was trying not to be handcuffed and that the defendant attempted to hit him with her fist. The defendant argues that her "twisting, turning and pulling away" from Officer Roberts does not constitute force as contemplated by the statute.

When this Court has previously addressed this issue, we have held that struggling with officers and flailing one's arms while officers are attempting to handcuff an arrestee is sufficient use of force by the arrestee to sustain a conviction for resisting arrest under Tennessee Code Annotated section 39-16-602. State v. Daniel M. Tidwell, No. 01C01-9807-CC-00288, 1999 WL 436840, at *3 (Tenn. Crim. App., at Nashville, June 30, 1999). We have made other rulings that are consistent with Daniel M. Tidwell. See State v. Timothy Wayne Grimes, No. M2001-02385-CCA-R3-CD, 2002 WL 1885053, at *4 (Tenn. Crim. App., at Nashville, Aug. 16, 2002) (upholding resisting arrest conviction in which defendant locked his arms, threw his arms back and "bowed up" on police as they attempted to arrest him); State v. Ronald David Lee, No. 03C01-9410-CR-0039, 1995 WL 395840, at *5 (Tenn. Crim. App., at Nashville, July 6, 1995) (upholding conviction where officer had to wrestle defendant in an attempt to handcuff him). These factual situations are very similar to the facts in the case sub judice. Therefore, we find that there is sufficient evidence to support the defendant's conviction of resisting arrest.

This issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

JERRY L. SMITH, JUDGE